Filed 12/26/23  P. v. Wilkins CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>OLLIE WILKINS,<br><br>    Defendant and Appellant. | B329576<br><br>(Los Angeles County<br>Super. Ct. No. PA095128-01) |

APPEAL from final judgment of the Superior Court of Los Angeles County.  Hayden Zacky, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant Ollie Wilkins appeals from his judgment of conviction for count 1, assault with intent to commit rape or

sodomy (Penal Code[1] § 220, subd. (a)(1)); and count 2, resisting an executive officer (§ 69).  The trial court also found that Wilkins was previously convicted of four serious felonies which would qualify as strikes under sections 667, subdivision (d), and 1170.12, subdivision (b).  Wilkins's appellate counsel filed a brief asking this court to proceed under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We affirm.

On August 19, 2020, Brenda P. sat in her car waiting for her sister to arrive at a gas station parking lot in Sylmar.  She propped open the door with her foot to allow ventilation when Wilkins approached and asked for a ride.  Wilkins asked three times for a ride, and she refused.  Wilkins placed his hand on the car door, and after his third request, he began groping Brenda P. as Wilkins pulled open the car door.  Wilkins's torso was inside the car as Brenda P. sat in the driver seat.  Then Wilkins placed his hands toward Brenda P.'s breast and groin area.  As he touched her breasts, he placed his hands over her clothes before touching her bare breast.  Wilkins tried to kiss Brenda P., and his lips touched her nose and her face mask.  Brenda P. told Wilkins she was pregnant, and Wilkins backed away for a moment before continuing to grope her.  As he groped her, Wilkins told Brenda P. that she was going to make him come.  During the struggle, Wilkins made similar comments four to five times at most.  Brenda P. tried to push Wilkins's hands away, told him not to do it, and closed her knees to protect her groin.  During the struggle, Wilkins stretched out her t-shirt and ripped her pants, medical scrubs, on one side.  Wilkins ripped Brenda P.'s pants as he leaned forward and tried to force her to lie down across the driver

---

[1]     All statutory references are to the Penal Code.

seat and the passenger seat. Wilkins then pulled Brenda P. out of the car as he tried to touch her breasts and pull down her pants. While outside of the car, Brenda P. screamed and attempted to get Wilkins's hands off of her body. Wilkins then picked up Brenda P. and moved her against her car while he continued trying to touch her breasts. Thereafter, Wilkins moved Brenda P. and pressed her against a neighboring car. While pressing her against this car, Wilkins's hands groped her buttocks underneath her clothes, and she pulled his hand away. At that point, a person approached. When the individual came forward, Wilkins walked away. A second person also approached at about the same time. Brenda P.'s sister also arrived thereafter as well. A surveillance camera recorded the incident, and the jury viewed the video during trial.

Donuel Stallworth worked at an oil change shop near the gas station where the incident took place. Stallworth heard cars honking, and he investigated. He saw a man and a woman between two cars arguing, and he did not know either of them. He also heard the woman making noise. Stallworth saw the woman crying and saw her scrubs were ripped. He also saw the man groping the woman. When Stallworth approached, the man said that the woman was his girlfriend. Stallworth told the man to let the woman go, and the man paused for a second, before walking away. A second male also approached the scene behind Stallworth. A woman also arrived at the scene and appeared to know the woman who had been groped. Police also arrived.

Stephanie P., Brenda P.'s sister, intended to pick up her dog from Brenda P. at the gas station. When Stephanie P. arrived, she saw Brenda P. yelling and crying for help. Stephanie P. also saw a man she did not recognize holding onto Brenda P.

3

Brenda P. was trying to get away from the man. The man told the people gathering to leave them alone. Eventually, Brenda P. pulled away from the man.

Officer Scott Goodwin, a sergeant with the Los Angeles Police Department, responded to a radio call with his partner. When Officer Goodwin arrived at the scene, Wilkins was sitting on a bench, but Officer Goodwin was unsure if Wilkins was the suspect he was looking for. Officer Goodwin spoke to people at the scene, and a male witness directed Goodwin to Wilkins's location. Wilkins walked away. Officer Goodwin walked in pursuit of Wilkins, and identified himself as a police officer when he was about 50 yards from Wilkins. A police car then pulled alongside Wilkins as Officer Goodwin followed him on foot. Wilkins ran away, and Officer Goodwin ran after him. Officer Goodwin caught up to Wilkins and pushed him in an attempt to cause Wilkins to lose balance. Wilkins did not fall over, clenched his fists, and attempted to punch Officer Goodwin. Wilkins's punch missed, and Officer Goodwin took down Wilkins. After a short struggle, officers handcuffed Wilkins. The jury viewed the video from Officer Goodwin's body-worn camera.

The jury also heard the parties' stipulation that a DNA test established that Wilkins's DNA was present on Brenda P.'s breasts and cheek.

The jury returned a guilty verdict on both counts. At sentencing, Wilkins requested that the trial court strike Wilkins's prior felonies for sentencing, consistent with *People v. Williams* (1998) 17 Cal.4th 148. The trial court denied the motion with respect to count 1 and granted it with respect to count 2. On count 1, the trial court sentenced Wilkins to 25 years to life. On count 2, the court struck Wilkins's three prior felonies,

sentenced Wilkins to the high term of three years, and doubled it to six years based on the second strike. The court ordered the sentences to be served concurrently. The court credited Wilkins with 1,095 days of custody credit, 953 actual days and 142 days of conduct credits.

Wilkins timely appealed. We appointed appellate counsel for Wilkins. After an examination of the record, appellate counsel filed an opening brief which raised no issues and requested this court conduct an independent review of the record under *Wende, supra,* 25 Cal.3d 436. On August 18, 2023, we advised Wilkins that he had 30 days to submit a supplemental brief stating any grounds for appeal or arguments he wished for this court to consider. Wilkins did not submit a supplemental brief.

We have examined the record and are satisfied Wilkins's appellate attorney has fully complied with the responsibilities of counsel and no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 119; *Wende, supra,* 25 Cal.3d at p. 441.)

## DISPOSITION

The judgment is affirmed.

VIRAMONTES, J.

WE CONCUR:

STRATTON, P. J.

WILEY, J.

5